FILED

2020 Nov-24  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **GREGORY MARCUS SNOW, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 4:20-cv-00344-ACA** |
| | ] | |
| **ETOWAH COUNTY SHERIFF'S DEPARTMENT, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

The sixty-seven named plaintiffs in this case[1] ("Plaintiffs") assert a variety of claims against Defendants Etowah County, Sheriff Jonathan Horton, A&E Television Networks, LLC, Paul Buccieri, Robert Debitetto, Broad Leaf Productions, LLC, and Doctors Med Care, Inc. (together "Defendants").[2]  In total, Plaintiffs have filed seven complaints with the court in this case.  (*See* Docs. 1, 5, 9,

---

[1] The plaintiffs in this case include 233 fictitious plaintiffs.  Generally, fictitious party pleading is not recognized in federal court.  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Further, Plaintiffs do not bring this claim as a class action, but as a "multi-plaintiff claim with disclosed and waived conflicts." (Doc. 31-1 at 26).  Accordingly, the court does not recognize plaintiffs sixty-eight through three hundred, as they are not named in the complaint.

[2] The list of parties named in this action continues to change with each amended complaint. This list is from what is styled as Plaintiffs' fifth amended complaint.  (Doc. 31-1).

14, 23, 28, 31).  The Plaintiffs' most recent motion to amend the complaint[3] is now before the court.  (Doc. 31).

The court **WILL GRANT** Plaintiffs' motion to amend the complaint (doc. 31), but after a sua sponte review of the amended complaint the court **WILL DISMISS** Plaintiffs' claim **WITH PREJUDICE**.  The court has twice instructed Plaintiffs to re-plead their complaint to satisfy the pleading standards of the Federal Rules of Civil Procedure and this Circuit.  (Docs. 6, 10).  And with each new complaint, the length of the complaint grows, but the pleading deficiencies persist.  Plaintiffs' most recent complaint is 264 pages long, but like Plaintiffs' first complaint, it is a quintessential shotgun pleading that fails to properly notify Defendants of the claims against them and makes it impossible for the court to determine whether Plaintiffs have stated a claim for relief.  Plaintiffs have had several chances to remedy the complaint's deficiencies but have failed to do so.

Because the court will dismiss this case, all other pending motions are moot.  Accordingly, the court **WILL DENY** Defendants' motion to dismiss the second amended complaint (doc. 15), the court **WILL DENY** Plaintiffs' motion to inspect the premises of Etowah County Detention Center (doc. 18), the court **WILL DENY**

---

[3] Plaintiffs refer to the most recent complaint as the third amended complaint.  It is not. For clarity and ease of reference, the court will refer to the most recent iteration of the complaint as the fifth amended complaint.

Plaintiffs' first motion to set a hearing (doc. 21), and the court **WILL DENY** Plaintiffs' second motion to set a hearing (doc. 37).

## I.    BACKGROUND

### 1.    Factual Background

The factual background of this case is difficult to discern from the fifth amended complaint.  Plaintiffs' claim appears to arise from alleged overcrowding at the Etowah County Detention Center and from actions taken by various defendants during the filming of the reality television show 60 Days In.  (Doc. 31-1 at 27 ¶¶ 106–08).  Plaintiffs allege that the overcrowded facilities at the detention center led to "a heightened exposure to infection, danger, illness and/or disease."  (*Id.* at 22 ¶ 83).  Plaintiffs further allege that Defendant Horton admitted that the detention center was overcrowded during the filming of 60 Days In.  (*Id.* ¶ 85).

The 60 Days In television show serves as both evidence of overcrowding and as the source of separate claims.  Plaintiffs allege that if Defendant Horton's assertion of overcrowding is untrue, then Defendant A&E Television Networks, LLC ("A&E"), has violated the Federal Communications Act of 1934 for broadcasting false information.  (Doc. 31-1 at 23 ¶ 90).  Further, the fifth amended complaint alleges that the releases signed by various plaintiffs agreeing to be on the show were deficient.  (*Id.* at 24 ¶ 93).  It also alleges that some plaintiffs were depicted on 60 Days in without signing the release.  (*Id.* at 28 ¶ 112).

3

Plaintiffs also allege that the medical care at the detention center fell below the standard required by the constitution (*id.* at 24 ¶ 97), and that some plaintiffs were denied reasonable access to medical care.  (*See, e.g.*, Doc. 31-1 at 38 ¶ 15, 59 ¶ 259, 62 ¶ 273).  Additionally, Plaintiffs allege that funds intended for feeding prisoners was misappropriated and used for other law enforcement purposes, although it is unclear who allegedly diverted the funds.  (Doc. 31-1 at 33 ¶ 129). Finally, Plaintiffs allege various tortious conduct by prison employees and generally object to the conditions of confinement at Etowah County Detention Center.  (*See, e.g.*, *Id.* at 22 ¶ 83).

Based on these allegations, the Plaintiffs present twelve counts: (1) violations of the First, Fifth, Eight, and Fourteenth amendments pursuant to 42 U.S.C. § 1983; (2) violations of the Americans with Disabilities Act of 1990 ("ADA"); (3) civil harassment; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) unlawful detention and false imprisonment; (7) conspiracy to commit tortious conduct; (8) negligent hiring, training, supervision and/or retention; (9) medical neglect, denial of standardized care, delay of reasonable access to medical care and mental health care, and other medical negligence; (10) medical neglect, denial of standardized care, delay of reasonable access to medical care and mental health care, and other medical negligence by Doctors Medcare,

4

Inc.[4]; (11) duress, federal privileged information breaches, health insurance portability and accountability act claim; and (12) respondeat superior. (Doc. 31-1 at 231–57). Some of these counts name specific defendants (*id.* at 252 ¶ 1266), and some do not (*id.* at 248 ¶ 1249). Plaintiffs seek a variety of relief, including compensatory and punitive damages.

     2.   <u>Procedural History</u>

Since filing their first complaint, Plaintiffs have submitted six amended complaints to the court. (Docs. 1, 5, 9, 14, 23, 28, 31). Plaintiffs amended the complaint once as a matter of course. (Doc. 5). The court struck that complaint for failing to conform with Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Doc. 6 at 1). The court found that the first amended complaint was "a shotgun pleading containing unnumbered paragraphs of factual allegations and causes of action interspersed with seemingly irrelevant information derived primarily from Wikipedia." (*Id.*) The first amended complaint incorporated by reference every preceding paragraph and asserted multiple counts against multiple defendants without specifying the defendant against whom the claim was asserted. (*Id.* at 4).

Next, Plaintiffs filed a second amended complaint. (Doc. 9). This complaint was also a shotgun pleading. (Doc. 10 at 2). The court found that Plaintiffs' counsel

---

[4] There is significant overlap between counts nine and ten. In count ten, however, Plaintiffs include Doctors Medcare, Inc., as a defendant. (Doc. 31-1 at 252 ¶ 1266). The repetition between these counts is emblematic of the problems throughout the complaint.

"obviously did not" follow the court's order to research and examine the deficiencies in the initial complaint. (*Id.*). Instead, the second amended complaint made "very few changes from the initial complaint." (*Id.*). As such, it suffered from many of the same issues, some of which were compounded by the fact that it was longer than the first complaint. (*Id.*). Accordingly, the court struck the second amended complaint and gave Plaintiffs' leave to file another amended complaint. (Doc. 10 at 4). The court warned, however, that if Plaintiffs' complaint again failed to comply with Eleventh Circuit precedent and Federal Rules of Civil Procedure 8, 10, and 11, the court would dismiss the complaint with prejudice. (*Id.*).

As instructed, Plaintiffs filed another amended complaint. (Doc. 14). Shortly thereafter, Defendants filed a motion to dismiss. (Doc. 15). After the parties submitted their briefs on Defendants' motion to dismiss, Plaintiffs filed another complaint, styled the third amended complaint. (Doc. 23). Since Plaintiffs had not obtained the Defendants' written consent or the court's leave to file an amended complaint, the court struck the complaint from the record and advised Plaintiffs' counsel to review the Federal Rules of Civil Procedure before filing another motion. (Doc. 25 at 2).

Plaintiffs then filed a motion to amend or correct the complaint (doc. 28), and the court ordered briefing on the motion (doc. 29). Before the parties had filed briefs on the pending motion to amend, Plaintiffs filed another motion to amend. (Doc.

31).  The court denied the pending motion to amend as moot and directed the parties to file briefs on the newest motion to amend.  (Doc. 34).  The parties briefed the new motion to amend, and it is now before the court.  (Doc. 31).

## II.   DISCUSSION

Like Plaintiffs' previous complaints, the fifth amended complaint is a shotgun pleading because it does not comply with the Federal Rules of Civil Procedure and Eleventh Circuit precedent and fails to provide Defendants with adequate notice of the claims against them.   Because the court has given Plaintiffs multiple opportunities to correct the deficiencies in their pleading, and they have failed to do so, it is now appropriate that the court dismiss the complaint with prejudice.

### 1.   The Fifth Amended Complaint is a Shotgun Pleading

The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).   Eleventh Circuit precedent has designated four types of shotgun pleadings, although these are not strict categories. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Regardless of category, the "unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Federal Rules of Civil Procedure require that plaintiffs plead "a short and plain statement of the claim

7

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings "are flatly forbidden by the [spirit], if not the [letter]" of the rules. *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (J. Tjoflat dissenting)) (alterations in original). A shotgun pleading is more than a poorly drafted complaint, it is a complaint "calculated to confuse the 'enemy,' and the court*." Id.* Plaintiffs have filed several shotgun pleadings in this case, and the fifth amended complaint is no exception. To varying degrees, the fifth amended complaint represents each category of shotgun pleading.

### a.   *Category One: Incorporation by Reference*

The first category of shotgun pleading is a complaint containing multiple counts where each adopts the allegations of all preceding counts. *Weiland*, 792 F.3d at 1321. This has the effect of causing "each successive count to carry all that came before." *Id.* In this type of shotgun pleading, the "allegations of each count are . . . rolled into every successive count on down the line." *Id.* at 1324. This leads to a "situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Id.*

Here, Plaintiffs' error does not fit cleanly into the first category defined in *Weiland*, although it is similar. Plaintiffs incorporate the facts of the entire complaint into several count without indicating which facts support which cause of

action.  (*See, e.g.*, Doc. 31-1 at 242 ¶ 1224 ("Each Plaintiff herein claiming a tort of outrage does assert each fact plead herein as if set out within this count."); *Id.* at 244 ¶ 1230 ("Each Plaintiff herein claiming negligent infliction of emotional distress does assert each fact plead herein as if set out within this count."); *Id.* at 246 ¶ 1237 ("Each Plaintiff herein claiming a tort of unlawful detention and false imprisonment does assert each fact plead herein as if set out within this count.")).  It is unclear whether these counts adopt the facts and allegations plead in preceding counts, which was the court's concern in *Weiland*.  It is also unclear which of the 1100 fact paragraphs pertain to which count.

The Court in *Weiland* held that the groupings it defined "cannot be too finely drawn," and that the categories are rough ones.  *Weiland*, 792 F.3d at 1321.  Shotgun pleadings of the first type make "it is exceedingly difficult, if not impossible, to know which allegations pertain to [which] count."  *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1045 (11th Cir. 2014).  The fifth amended complaint, by incorporating each fact plead in the complaint into several counts, creates the same confusion.

      b.    *Category Two: Conclusory, Vague, and Immaterial Facts*

The second type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1321–22.  This is the most obvious deficiency of the fifth

amended complaint.  Throughout the complaint, Plaintiffs include seemingly irrelevant details or details that seem to pertain to causes of action that are never raised.  (*See, e.g.*, Doc. 31-1 at 30 ¶ 118 ("The Sheriff is believed to be a staunch Protestant, not Evangelical or otherwise, who adopts a misinterpretation of the Bible."); Doc. 31-1 at 44 ¶ 182 ("Shawnta Sanders, an African-American, heterosexual resident of Etowah County.")).  But the Plaintiffs never indicate how any of the extraneous facts are connection to the causes of action.

Instead, the 209-page fact section contains conclusory allegations mixed haphazardly with facts.  And the counts themselves are too vague to match them to factual allegations.  Count three provides an example: "The actions of the agents of the County in causing unnecessary and unprotected aggravation, stalking of citizen detainee areas through intentional disruptive noise, and generally unnecessary alerting."[5]  (Doc. 31-1 at 240 ¶ 1213).  Plaintiffs do not allege any specific tortious actions by any one defendant or group of defendants in this count.  If Plaintiffs intended to incorporate some of the facts from the preceding 220 pages, they failed to indicate which ones.  Accordingly, count three amounts to the vague and conclusory allegation that "[t]hese actions and torts have caused civil damages." (*Id.*).

---

[5] As discussed *infra*, sentence fragments like this one are common in the fifth amended complaint.

Further, with each new filing, Plaintiffs' complaint increases in length. Length alone does not make a shotgun pleading, but at 264 pages the fifth amended complaint is neither short nor plain.  Instead, it has sentence fragments (*id.* at 24 ¶ 94 ("This release was.")), references to Wikipedia (*id.* at 56 ¶ 242 n.10 (citing Wikipedia for the definition of the Moorish Science Temple of America)), and nearly incomprehensible run-on sentences (*id.* at 239 ¶ 1212).  The conclusory, vague, and immaterial nature of the Plaintiffs' allegations are enough to doom the complaint.

   c. *Category Three: Multiple Claims Within Each Count*

The third type of shotgun pleading is a complaint that does not separate "into a different count each cause of action or claim for relief."  *Weiland*, 792 F.3d at 1322–23; s*ee also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (calling a complaint that asserted multiple claims in each count "a perfect example of a 'shotgun' pleading"); *Bickerstaff Clay Prod. Co. v. Harris Cty., Ga. By & Through Bd. of Comm'rs*, 89 F.3d 1481, 1485 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief.").  Like the other categories of shotgun pleadings, a complaint in which each count contains multiple causes of action makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson*, 77 F.3d at 366.

Here, several counts in the fifth amended complaint contain multiple claims for relief or causes of action.  In count one, Plaintiffs allege violations of the "First, Fifth and Fourteenth Amendment" along with a violation of the "Eight [sic] Amendment Right against cruel and unusual punishment."  (Doc. 31-1 at 232 ¶ 1184).  Instead of specifying which of the preceding fact paragraphs relates to each of the claims alleged, Plaintiffs include three pages in count one discussing attorney's fees and damages.  (*See Id.* at 232–34 ¶¶ 1186–93).  This count goes on to discuss systemic overcrowding, misappropriated underfeeding, and poor training.  (*Id.* at 236 ¶ 1198).  Plaintiffs repeat this error in several other counts.  (*See Id.* at 237–55 ¶¶ 1202–81).  It is virtually impossible to know which allegations are intended to support which claims for relief.  Thus, the fifth amended complaint does not give Defendants adequate notice of the claims against them.

> d.    *Category Four: Multiple Claims Against Multiple Defendants*

The fourth type of shotgun pleading is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1323.  When combined with one of the other categories, this deficiency is particularly confusing.

Here, Plaintiffs repeatedly refer to "Defendants" collectively or assert all claims against each defendant.  (*See, e.g.*, Doc. 31-1 at 44 ¶ 182 ("[Shawnta Sanders]

herein asserts claims as set out above and below against each named Defendant.")).

There are several defendants in this case, and it is impossible for them all to be

responsible for the claims alleged.  Examples are abundant.  Plaintiffs allege that

"Defendants failed to protect [Delandis Taylor] and to provide a safe environment."

(Doc. 31-1 at 208 ¶ 1055).  It is unlikely that Plaintiffs meant to allege that A&E,

Med Care, or Broad Leaf failed to provide a safe environment at a prison they do

not control, but that is precisely what Plaintiffs have done.

Further, in some counts, Plaintiffs use a parenthetical to indicate uncertainty

about whether one or more defendants committed certain acts or omissions.  For

example, Plaintiffs allege that the "agents of Defendant(s) have, in fact, inflicted

emotional distress upon citizen detainees."  (*Id.* at 241 ¶ 1217) (*See also Id.* at 44 ¶

183 ("Said breaches include being sexually harassed while a citizen detainee by a

homosexual agent of the Defendant(s).")).  It is unclear which defendant or group of

defendants Plaintiffs mean to assert these claims against.  This type of shotgun

pleading creates confusion about which defendant should prepare to defend which

claim.

It is possible that there is an underlying cause of action in this complaint, but

the court will not redraft the complaint to find it.  Although Plaintiffs have had

multiple opportunities to amend, the fifth amended complaint does not put

Defendants on notice of the claims against them and makes it difficult for the court

to determine whether Plaintiffs have stated a claim. Thus, despite the court's instruction that Plaintiffs file pleadings that conform to the precedent of this Circuit, Plaintiffs' fifth amended complaint is a shotgun pleading.

###  2.    Plaintiffs Have Failed to Correct the Deficient Complaint

Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary . . . discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). The district court retains the authority to dismiss a shotgun complaint on that basis alone. *Jackson*, 898 F.3d at 1357; *see also Weiland*, 792 F.3d at 1320 (holding that the district court has the "inherent authority to control its docket," including "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)"). However, the district court must "give the plaintiff one chance to remedy" a shotgun pleading and "point out the defects in the complaint" before dismissing the case. *Jackson*, 898 F.3d at 1358–59 (quotation marks omitted). The opportunity to amend can be in one of several forms, including "the striking of a portion of the complaint's allegations." *Id.*

Further, it is "clear that dismissal of a complaint with prejudice is warranted under certain circumstances." *Jackson*, 898 F.3d at 1358. In *Jackson*, even after the defendants and the court made the plaintiffs aware of the specific defects in their complaint, the plaintiffs filed an amended complaint "afflicted with the same

14

defects." *Id.* The *Jackson* plaintiffs "attempt[ed] halfheartedly to cure only one of the pleading's many ailments." *Id.* at 1359. At that point, the district court "should have dismissed the amended complaint with prejudice." *Id.* The operative question is "whether the plaintiff had fair notice of the defects [of the complaint] and a meaningful chance to fix them." *Jackson*, 898 F.3d at 1358. If the court affords the plaintiff that chance, and the "plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Id.*

Like in *Jackson*, the court here gave Plaintiffs fair notice of the complaint's defects. (*See* Docs. 6, 10 (describing the reasons that Plaintiffs' complaints were shotgun pleadings and directing Plaintiffs to correct their errors)). And like in *Jackson*, Plaintiffs only halfheartedly attempted to correct those deficiencies. In its order striking Plaintiffs first amended complaint, the court reminded Plaintiffs of the pleading requirements of the Federal Rules of Civil Procedure, including the paragraph numbering requirement. (Doc. 6 at 2). Regardless, Plaintiffs corrected none of the complaint's deficiencies, forcing the court to again strike the complaint with instructions to replead in conformity with the Rules. (Doc. 10 at 3). In the fifth amended complaint, Plaintiffs have numbered the paragraphs but have failed to correct the other significant errors in their pleading. Plaintiffs have made the kind of halfhearted attempt to cure the complaint's errors described in *Jackson*, and any

15

material allegations that Plaintiffs raise in the fifth amended complaint are still buried "beneath innumerable pages of rambling irrelevancies." *Vibe Mirco, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

The court must give Plaintiffs a meaningful opportunity to correct a shotgun pleading, and Plaintiffs have had several. In its second order striking the complaint, the court warned Plaintiffs that if they filed another complaint that failed to comply with Eleventh Circuit precedent and the Federal Rules of Civil Procedure, the court would dismiss the complaint with prejudice. (Doc. 10 at 4.). Despite the court's warning, Plaintiffs have not provided Defendants or the court with a comprehensible complaint. Accordingly, the present circumstances warrant dismissal with prejudice.

## III.   CONCLUSION

The court has given Plaintiffs ample opportunity to correct their mistakes, but they have failed to do so. The court will not continue to allow Plaintiffs to obstruct the due administration of justice in this court. Accordingly, the court **WILL GRANT** Plaintiffs' motion to amend the complaint (doc. 31), but after a sua sponte review of the Plaintiffs' fifth amended complaint, the court **WILL DISMISS** Plaintiffs' claim **WITH PREJUDICE**. The other motions pending in this case are therefore moot. Accordingly, the court **WILL DENY** Defendants' motion to dismiss the second amended complaint (doc. 15), the court **WILL DENY** Plaintiffs'

16

motion to inspect the premises of Etowah County Detention Center (doc. 18), and the court **WILL DENY** Plaintiffs' first motion to set a hearing (doc. 21) and **WILL DENY** Plaintiffs' second motion to set a hearing (doc. 37).  The court will enter a separate order consistent with this opinion.

      **DONE** and **ORDERED** this November 24, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE